## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

**COREY WHITE**                                                      **PETITIONER**

**V.**                                    **4:05CR00166**
                                          **4:08CV00593**

**UNITED STATES OF AMERICA**                             **RESPONDENT**

## ORDER

On February 26, 2007, the petitioner entered a plea of guilty to Count one of the

Indictment charging him with a violation of 18 U.S.C. §§ 922(g)(1) and 924(e), felon in

possession of a firearm.  On November 1, 2007, the petitioner was sentenced to 180 months'

imprisonment to run consecutively to the undischarged term of imprisonment in the Arkansas

Department of Corrections, three years supervised release, no fine, and a $100 special

assessment.  The petitioner did not file an appeal.

Currently pending before the Court is Petitioner's motion filed pursuant to 28 U.S.C. §

2255 arguing that his conviction was obtained by a plea of guilty which was unlawfully induced.

Petitioner claims that he was seriously misled by his attorney and the federal prosecuting

attorneys and this persuaded him to enter a guilty plea.  Petitioner claims that his attorney

informed him that if he pled guilty he would be sentenced to no more than five years'

imprisonment.  Petitioner claims that his attorney told him that he had worked it out with the

prosecuting attorneys.  Petitioner argues that he would not have pled guilty had he not been

misled.

The Court finds that Petitioner's plea was knowing and voluntary.  Petitioner testified

under oath that he understood the proceedings, was guilty of the charge in Count one, and was

satisfied with his attorney.  "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.' " *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (citations omitted).  Petitioner has a heavy burden to overcome his admissions.  *Id.*

During the change of plea hearing, Petitioner stated that he was not making the plea because of any promises to him or threats against him.  (Change of Plea Transcript at 7). Petitioner admitted that he did not have a written plea agreement with the government.  (*Id*. at 7). Furthermore, the Court explained that if the sentence was more severe than Petitioner expected, he would not be able to change his mind and ask for a trial.  (*Id*. at 7).  Petitioner stated that he understood that the minimum sentence that could be imposed was 15 years and that he could be sentenced to up to life imprisonment.  (*Id*. at 11).  Based upon the record, the Court finds that Petitioner has failed to meet his burden.

To prove a claim of ineffective assistance of counsel, Petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense.  See *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  To prove that his attorney's performance was deficient, Petitioner must overcome the strong presumption that defense counsel's representation fell "within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689. "Where the conviction was entered on the basis of a guilty plea, the second part of the test is slightly modified.  In the guilty plea context, the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

and would have insisted on going to trial.'"  *Matthews v. United States,* 114 F.3d 112, 114 (8th Cir. 1997).

Petitioner fails to state any facts which would support an assertion that he had ineffective assistance of counsel.  Petitioner claims that his counsel allegedly made certain assurances regarding the length of Petitioner's sentence.  Petitioner's representations to the Court during the change of plea colloquy conflict with these allegations.  Petitioner has failed to show that his counsel's performance fell below an objective standard of reasonableness.

Petitioner is not entitled to an evidentiary hearing if the allegations in his motion, the files, and the records of the case conclusively show that he is not entitled to any relief.  *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (citations omitted).  Based upon the record, the Court finds that Petitioner is not entitled to an evidentiary hearing.

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (docket # 57, 60), is denied.

IT IS SO ORDERED this 29th day of October, 2008.


James M. Moody
United States District Judge