IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                              **4:05-CR-00166-01-JM**

**COREY WHITE**

## ORDER

For the reasons set out below, Defendant's Motion for to Appoint Counsel to Pursue Compassionate Release (Doc. No. 109) is DENIED.

**I.     BACKGROUND**

On February 26, 2007, Defendant pled guilty to being a felon-in-possession of a firearm.[1] On November 1, 2007, he was sentenced to the statutory minimum of 180 months in prison.[2][3]

**II.    DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. No. 39.

[2] Doc. Nos. 46, 47.

[3] U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

On October 1, 2020, Defendant initiated a compassionate release request with the warden. It is not clear whether the process was ever finalized through the appeal of a denial.  However, the Court will assume Defendant has exhausted his administrative remedies, and the issue is properly before the Court.

In support of his motion, Defendant asserts is over 50 and has high blood pressure and colorectal issue, which put him at a higher risk of suffering from COVID-19.  First, these health conditions are not an "extraordinary and compelling" reason to support Defendant's release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[1]  Defendant's health conditions are not listed. Although Defendant has provided medical records, there is no evidence that his health conditions are severe enough to prevent him from independently functioning within the prison or that they are unable to be controlled with medication.  Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[2]

---

[1] Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[2] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has nine prior convictions, which include burglary, attempted capital murder, theft by receiving, battery, fleeing, escape, delivery of marijuana, murder, and three convictions for being a felon in possession of a firearm, which is the same behavior as the instant offense. Furthermore, he committed the instant offense while under a criminal justice sentence.

The severity of the offense also must be considered. On August 26, 2004, law enforcement officers attempted to serve a warrant on Defendant at a residence in Eudora, Arkansas.  Defendant fled and hid in a fish pond.  After Defendant was in custody, officers search the area and found a holster, a 9 mm semi-automatic pistol, and a .38 caliber revolver.

## CONCLUSION

For the reasons stated, Defendant's Motion for to Appoint Counsel to Pursue Compassionate Release (Doc. No. 109) is DENIED.

IT IS SO ORDERED, this 11th day of January, 2021.

_____
UNITED STATES DISTRICT JUDGE